The Full Commission has reviewed the prior Order based upon the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to amend or vacate the Order of the Deputy Commissioner.
On April 29, 1997 plaintiff filed a Form 33 Request for Hearing in this case certifying that his case was ready for hearing. In response to a motion to compel, an Order Compelling Responses to Discovery was filed in this case by Executive Secretary Tracey Weaver on September 18, 1997 allowing plaintiff twenty days to respond to defendants discovery. Plaintiff failed to respond to the discovery, so defendants moved for sanctions. By Order filed December 11, 1997 Executive Secretary Weaver dismissed plaintiffs case without prejudice and specified that plaintiff could reinstitute his claim within one year of the filing date of the Order by submitting discovery responses and filing another Form 33 Request for Hearing.
No further action was taken by plaintiff until August 26, 1999 when he filed a Form 33 Request for Hearing with the Industrial Commission. Defendants then filed a motion on September 27, 1999 requesting that the case be dismissed with prejudice since plaintiff had not only failed to reopen his claim within the one year allowed but still had not responded to discovery requests. Executive Secretary Weaver deferred ruling on that motion to the Deputy Commissioner who set the case for a motions hearing.
However, in the meantime, defendants filed another motion to compel and by Order filed March 23, 2000, Executive Secretary Weaver again ordered plaintiff to respond to defendants discovery and assessed sanctions against plaintiff for his failure to comply with earlier orders. Plaintiff again did not respond to discovery within the time allowed, so defendants filed a motion on April 24, 2000 moving that the claim be dismissed.
On the date of the hearing before Deputy Commissioner Chapman, plaintiff finally submitted a response to defendants motion to dismiss in which plaintiff indicated that he did not have sufficient medical documentation to substantiate an asbestosis claim until receipt of a medical report dated May 27, 1999. Consequently, plaintiff requested that his claim not be dismissed.
It appears that plaintiff has disregarded every order filed by the Industrial Commission. The Order filed December 11, 1997 specifically allowed him one year to reopen his claim. He failed to do so. There is no provision in the Workers Compensation Rules allowing additional time after one year. Furthermore, plaintiff has failed to show reasonable excuse for his failure to comply with the December 11, 1997 Order. Consequently, it appears to the Commission that defendants motion should be allowed.
IT IS THEREFORE ORDERED as follows:
1. Plaintiffs claim is DISMISSED WITH PREJUDICE.
2. Plaintiff is ORDERED to comply with the Order of Executive Secretary Weaver filed March 23, 2000, assessing plaintiff $150.00 in sanctions for the failure to comply with Commission Orders. Rule 802, North Carolina Industrial Commission Workers Compensation Rules.
3. Pursuant to N.C. Gen. Stat. 97-88.1, defendants are entitled to an award of attorneys fees in the amount of $1,000.00 to be paid by plaintiff for bringing this action and requesting a hearing without reasonable ground.
4. Each side shall pay its own costs.
This ___ day of February, 2001.
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/____________________ THOMAS J. BOLCH COMMISSIONER
S/____________________ CHRISTOPHER SCOTT COMMISSIONER